**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RICARDO MORALES PEREZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **NO. SA-26-CV-6638-OLG** |
| | § | |
| **SYLVESTER M. ORTEGA *et al.*,** | § | |
| **Respondents.** | § | |

## DISMISSAL ORDER

Before the Court is the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Ricardo Morales Perez on October 15, 2026. *See* Dkt. No. 1. Upon review, the Court finds that the Petition must be and hereby is **DISMISSED**.

In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that applicants for admission are subject to mandatory detention under the INA during the pendency of their removal proceedings. 166 F.4th 494, 500 (5th Cir. 2026) ("[U]nadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States."). Eight months later, in *Sosnava-Rodriguez v. Vergara*, the full Fifth Circuit held that such mandatory detentions do not violate an applicant for admission's Fifth Amendment right to due process. --- F.4th ---, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026) (en banc) ("Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal."); *see also id.* at *7 ("[P]rocedural due process does not require bond hearings . . . in the context of § 1225(b)(2)(A)."); *id.* at *11 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a substantive due process right." (quoting *Washington v. Glucksberg*, 521 U.S. 702, at 720–21

(1997))); *id.* at *12–13 (holding that duration of an applicant for admission's pre-removal detention raises no constitutional concerns).[1]

Accordingly, Petitioner's statutory and due process claims for habeas relief, *see* Dkt. No. 1 at 12–14, have been foreclosed by the Fifth Circuit.[2]

Any pending motions are **DISMISSED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on October 30, 2026.

ORLANDO L. GARCIA
United States District Judge

[1]The Court notes that, in *Sosnava-Rodriguez*, the Fifth Circuit pretermitted the possibility that it may later entertain a due process claim from applicants for admission who have been detained for exceedingly long periods and can demonstrate that their "removal proceedings were used as a façade 'to incarcerate [them] for other reasons.'" --- F.4th at ---, 2026 WL 3181188, at *13 (quoting *Demore v. Kim*, 538 U.S. 510, 533 (2003) and favorably citing *Banyee v. Garland*, 115 F4th 928, 934 (8th Cir. 2024)). The court did not endorse this argument: it merely "d[id] not dismiss the idea." *Id.* Accordingly, while it is not this Court's place to take that step, Petitioner may wish to consider presenting such an argument to the Fifth Circuit on appeal from this Order.

[2]Any APA claim is not properly before the Court in a habeas proceeding and likewise subject to dismissal. *See Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *5 (N.D. Tex. Apr. 13, 2026) (explaining that APA claims are only available when "there is no other adequate remedy in a court," and a "request for habeas relief . . . unwittingly admits that there is, in fact, an adequate remedy outside of the APA"); *Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only.").